*Submitted by:*
Kevin J. Rattay (011057)
**KEVIN J. RATTAY, PLC**
8149 North 87th Place
Suite 139
Scottsdale, Arizona 85258
Tel: (480) 315-6501
Fax: (480) 323-2106
Email: kjr@rattaylaw.com

Attorneys for Defendants

Dated: April 27, 2011

**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>THEODORE L. PETROWICH and GAYLE T. PETROWICH,<br><br>    Debtors. | In proceedings under Chapter 13<br><br>Case No. 2:09-bk-23010-GBN |
| OLD REPUBLIC SURETY COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>THEODORE L. PETROWICH and GAYLE T. PETROWICH,<br><br>    Defendants. | Adversary No. 2:10-ap-00185<br><br>**JUDGMENT** |

Upon Stipulation of Plaintiff Old Republic Surety Company and Defendants Theodore Petrowich and Gayle Petrowich, and good cause appearing;

IT IS ORDERED, ADJUDGED AND DECREED that judgment shall be entered in favor of Old Republic and against Theodore Petrowich and Gayle Petrowich in the amount of $400,000.00, and that said judgment is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(4) and (a)(6) ("Non-Dischargeable Judgment");

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Non-Dischargeable Judgment shall be enforceable against the separate property of Theodore Petrowich and the

marital community of Theodore Petrowich and Gayle Petrowich, but that in the event of the death of Theodore Petrowich, or in the event of a divorce of Theodore Petrowich and Gayle Petrowich, Old Republic may not collect from the assets of Gayle Petrowich except to the extent that Gayle Petrowich receives community property upon the death or divorce of Theodore Petrowich. In that event, Old Republic will be allowed to collect to the extent of the value of any such property received by Gayle Petrowich;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the homestead exemption of Theodore Petrowich and Gayle Petrowich is allowed;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that notwithstanding entry of the Non-Dischargeable Judgment, the automatic stay in bankruptcy case 2:09-bk-23010-GBN ("Bankruptcy Case") remains in place until the Bankruptcy Case is discharged or dismissed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Old Republic will be allowed a general unsecured claim in the Bankruptcy Case in the amount of $585,195.76.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that for purposes of this Judgment, the terms "Bond Claim" and "Transferred Property" shall have the meaning set forth in the settlement agreement attached hereto and incorporated herein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if in the five year period commencing on the date the Bankruptcy Case was filed and ending on September 16, 2014, Old Republic is paid a total of $200,000.00 ("Settlement Amount"), the Non-Dischargeable Judgment will be deemed satisfied. In calculating the amount Old Republic is paid, no interest will accrue on the Settlement Amount. All monies paid to Old Republic towards the Bond Claim will be credited against the Settlement Amount, including payments from the Chapter 13 Trustee, monies received for the Transferred Property, and payments from any other source including funds from third parties that are designated as payments toward the Bond Claim. This judgment

Kevin J. Rattay PLC
8149 North 87th Place, Suite 139
Scottsdale, Arizona 85258
480-433-0079

buyout will continue to apply even if the bankruptcy case is dismissed or converted to another chapter;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if the Settlement Amount is a paid as described in the preceding paragraph, Old Republic will assign the Transferred Property to Theodore and Gail Petrowich;

IT IS FURHTER ORDERED the Clerk shall close this file.

**DATED AND SIGNED ABOVE**

Kevin J. Rattay PLC
8149 North 87th Place, Suite 139
Scottsdale, Arizona 85258
480-433-0079

<u>**SETTLEMENT AGREEMENT**</u>

**DATE:**               March ____, 2011

**PARTIES:**        Theodore L. Petrowich and Gayle T. Petrowich (collectively "Petrowich") and

Old Republic Surety Company, a Wisconsin corporation ("Old Republic")

**RECITALS:**

A.      On September 17, 2009, Petrowich filed a petition under Chapter 13 of Title 11, U.S. Bankruptcy Code, in the United States Bankruptcy Court for the District of Arizona, Phoenix Division, Case No. 2:09-bk-23010-GBN ("Bankruptcy Case").

B.      Old Republic was scheduled as a creditor in the Bankruptcy Case. The debt to Old Republic arose from a claim filed against fiduciary bond No. JFI1148069 (the "Bond") issued by Old Republic, as surety, on behalf of Theodore L. Petrowich, as bond principal, in connection with the duties of his as personal representative of his daughter's estate. ("Bond Claim").

C.      On January 26, 2010, Old Republic filed an amended secured Proof of Claim in the Bankruptcy Case, asserting that Petrowich was indebted to Old Republic in the amount of $585,195.76 stemming from losses incurred by Old Republic under the Bond. On March 1, 2010, Petrowich filed an objection to the Old Republic claim, alleging that the attorneys' fees in the claim were excessive and that the claim was improper because it did not indicate what the security for the claim was. Petrowich also asserts that the claim of Old Republic is overstated because it does not give credit for property that Tamara Mullins and Sarajane Mullins transferred to Old Republic as part of a settlement of an Illinois lawsuit styled *Estate of Andrea Petrowich*, Case No. 99 P 776 (Circuit Court of Cook County, Illinois) against Old Republic that gave rise to the Bond Claim (the "Illinois Lawsuit"). The property transferred by Tamara Mullins and Sarajane Mullins to Old Republic as part of the settlement of the Illinois Lawsuit against Old Republic includes: (1) any and all shares of stock in Earth Foods, Inc. issued to Tamara Mullins and Sarajane Mullins; (2) any and all promissory notes issued by Earth Foods, Inc. to Tamara Mullins and Sarajane Mullins; and (3) the judgment entered on September 28, 2004, in favor of Tamara Mullins and Sarajane Mullins against Earth Foods, Inc. in the amount of $163,110.14 in *Mullins, et all v. Earth Foods, Inc.* by the Circuit Court of the 16th Judicial Circuit, Kane County, Illinois, Case No. 04 LK 366 (the "Transferred Property").

D.      On January 29, 2010, Old Republic filed adversary proceeding 2:10-ap-00185-GBN in the Bankruptcy Case ("Adversary Proceeding"). In the Adversary Proceeding, Old Republic sought a judgment against Petrowich declaring that the Petrowich debt to Old Republic is not discharged pursuant to 11 U.S.C. §§ 523(a)(4), and (a)(6). Old Republic alleges Petrowich's discharge should be denied for the following reasons: (1) Theodore L. Petrowich,

1

while acting in a fiduciary capacity as personal representative of his daughter's estate, diverted estate assets and used them for his own personal use or the personal use of a third party; (b) Theodore L. Petrowich, diverted his daughter's estate assets, which caused willful and malicious injury to Old Republic as subrogee and assignee of certain beneficiaries of his daughter's estate Moreover, Old Republic's alleges pursuant to 11 U.S.C. §§ 522(o) that the Petrowich claim for a homestead exemption in the Bankruptcy Case should be denied. Old Republic also demands a monetary judgment against Petrowich, including an award of costs and attorneys' fees.

E.     In the Adversary Proceeding, Gayle T. Petrowich alleges that the Bond Claim is dischargeable as to her because she was not involved in the events that gave rise to the Bond Claim. Both Theodore L. and Gayle T. Petrowich allege that the homestead exemption should be allowed.

The parties now wish to resolve all disputes between them, including, but not limited to the Adversary Proceeding, according to the terms and conditions set forth below.

**COVENANTS:**

NOW THEREFORE, in consideration of the mutual promises contained herein, the Parties agree as follows:

1.     <u>Non Dischargeable Judgment Against Theodore Petrowich</u>. A non-dischargeable judgment in the amount of $400,000.00 shall be entered in the Adversary Proceeding against Petrowich ("Non-dischargeable Judgment") under 11 U.S.C. §§ 523(a)(4), and (a)(6), and shall be entered upon entry of an Order approving this settlement.

2.     <u>Non-Dischargeable Judgment Against Marital Community</u>. The Non-dischargeable Judgment, while entered against Theodore L. and Gayle T. Petrowich shall only be enforceable against the separate property of Theodore Petrowich, and the marital community of Theodore L. and Gayle T. Petrowich. In the event of the death of Theodore L. Petrowich, or in the event of a divorce of Theodore L. Petrowich and Gayle T. Petrowich, Old Republic will have no claim against Gayle T. Petrowich except to the extent that Gayle T. Petrowich receives community property upon the death Theodore L. Petrowich or divorce. In that event, Old Republic will be allowed to recover from said property received by Gayle T. Petrowich.

3.     <u>Dismissal of Objection to Exemption</u>. The homestead exemption of Petrowich will be allowed.

4.     <u>Non-Enforcement of Judgment During Bankruptcy Case.</u> The automatic stay remains in place until the Bankruptcy Case is discharged or dismissed. Accordingly, until such time as the Bankruptcy Case is discharged or dismissed, Old Republic will be paid solely through monies distributed by the Chapter 13 Trustee.

5.     <u>Allowance of General Unsecured Claim</u>. Old Republic will be allowed a general unsecured claim in the Bankruptcy Case of $585,195.76.

2

6. <u>Judgment Buy Out</u>. If, in the five year period commencing on the date the Chapter 13 petition was filed and ending on September 16, 2014, Old Republic is paid a total of $200,000.00, the Non-dischargeable Judgment will be deemed satisfied. In calculating the amount Old Republic is paid, no interest will accrue on the $200,000.00 amount. All amounts paid to Old Republic towards the Bond Claim will be counted as payments towards the $200,000.00, including payments from the Chapter 13 Trustee, monies received for the Transferred Property, and payments from any other source including funds from third parties that are designated as payments towards the Bond Claim. This judgment buy out will continue to apply even if the Bankruptcy Case is dismissed or converted to another chapter.

7. <u>Return of Transferred Property in the Event of Judgment Buyout.</u> If there is a Judgment buy out as described in paragraph 6 above, Old Republic will assign the Transferred Property to Petrowich.

8. <u>Plan Voting</u>. In the event the Bankruptcy Case is converted to Chapter 11, Old Republic agrees to vote in favor of a Chapter 11 Plan as long as Old Republic will receive as much through Chapter 11 distributions as it would have received from the Chapter 13 Trustee in plan distributions.

9. <u>Execution of Necessary Documents</u>. The parties will file a Motion to Approve this Settlement Agreement in adversary 2:10-ap-00185, a stipulated form of judgment in said adversary, and any other documents necessary to conclude this settlement.

3/30/11
Dated

_Theodore L. Petrowich_
Theodore L. Petrowich

3/30/11
Dated

_Gayle T. Petrowich_
Gayle T. Petrowich

3/23/11
Dated

Old Republic Surety Company

By:

3